**COURT OF APPEAL, FIRST CIRCUIT**
**STATE OF LOUISIANA**

RE: Docket Number   2023-CA-0611

William Duckworth and Donnie Kaglear

- - Versus - -

Susan Curole

19th Judicial District Court
Case #: 717360
East Baton Rouge Parish

On Application for Rehearing filed on   05/02/2024 by

Rehearing _____ Granted _____

McClendon, J. concurs for reasons assigned
by ClfH

_____
Page McClendon

_____
Chris Hester   with reasons

_____
Steven M. Miller

Date   DEC 1 1 2024

_____
Rodd Naquin, Clerk

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0611

WILLIAM DUCKWORTH AND DONNIE KAGLEAR

VERSUS

SUSAN CUROLE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ON REHEARING**

**HESTER, J.** CHH

In this matter, a dog owner appealed the trial court's grant of partial summary judgment on January 13, 2023, finding her strictly liable to the plaintiffs for any damages caused by her dog during a July 14, 2021 incident. On April 19, 2024, we rendered an opinion finding William Duckworth and Donnie Kaglear ("Plaintiffs") did not meet their burden of proving strict liability on the part of the defendant, Susan Curole. Thereafter, Plaintiffs filed an application for rehearing.

In our original opinion, we determined that Exhibit A, a file-stamped copy of Plaintiffs' requests for admissions, and Exhibit E, the return copy showing service of the petition and discovery on Ms. Curole, could not be considered in support of Plaintiffs' motion for summary judgment because the exhibits were not attached to Plaintiffs' motion for summary judgment as required by La. Code Civ. P. art. 966(D)(2). In Plaintiffs' application for rehearing, they pointed out that in the appellate record, Exhibit A and Exhibit E were improperly attached to a previously filed case management schedule, and the exhibits were in the wrong order in the "Chronological Index." Our review of the record reveals that the Plaintiffs are

correct. The time stamps of the clerk of court show that Exhibits A through E were filed contemporaneously with the filing of Plaintiffs' motion for summary judgment, but were misplaced in the record. Accordingly, Plaintiffs' exhibits were properly attached to their motion for summary judgment, upon its filing, and any subsequent faulty misplacement in the record cannot be attributed to Plaintiffs. Thus, we grant their rehearing application to consider Exhibit A and Exhibit E with Plaintiffs' motion for summary judgment.

The supreme court has directed that to establish a claim in strict liability against a dog owner under La. C.C. art. 2321, the plaintiff must prove that his person or property was damaged by the owner's dog, that the injuries could have been prevented by the owner, and that the injuries did not result from the injured person's provocation of the dog. **Pepper v. Triplet**, 2003-0619 (La. 1/21/04), 864 So.2d 181, 192. In order to establish that the owner could have prevented the injuries under Article 2321, the plaintiff must show the dog presented an unreasonable risk of harm. **Pepper v. Triplet**, 864 So.2d at 190.

Exhibit A, the requests for admissions that were deemed admitted, established the following six facts:

- Susan Curole is the owner of the dog in question, with which William Duckworth had an encounter on July 14, 2021.
- An encounter occurred between the dog in question and William Duckworth on July 14, 2021.
- William Duckworth did not provoke the dog in question on July 14, 2021.
- Donnie Kaglear did not provoke the dog in question on July 14, 2021.
- The dog in question was unleashed at the time of the encounter with William Duckworth on July 14, 2021.
- Susan Curole has no evidence of third-party fault in this matter.

Our prior opinion concluded that the affidavits of Plaintiffs alone failed to establish that Plaintiffs did not provoke the dog, which is an essential element necessary to prevail on their claim of strict liability. However, the requests for admissions, which we determined herein were properly attached to Plaintiffs'

2

motion for summary judgment, should have been considered. On review of same on rehearing, we find that the requests for admissions that were deemed admitted conclusively established that Plaintiffs did not provoke the dog. Therefore, the evidence presented by Plaintiffs with their motion for summary judgment showed that the dog was unfettered, the dog bit Mr. Duckworth and attacked Plaintiffs' dogs in their front yard, and Plaintiffs did not provoke the dog. With this evidence, Plaintiffs met their burden of establishing that Ms. Curole was strictly liable for any damages caused by her dog because she could have prevented the damages by not allowing the dog out without a leash, and the damages did not result from Plaintiffs' provocation of the dog. Accordingly, the burden shifted to Ms. Curole to prove a genuine issue of material fact remained. Since Ms. Curole did not file an opposition to Plaintiffs' motion for summary judgment and did not present evidence demonstrating a material factual issue remains, the grant of partial summary judgment finding Ms. Curole strictly liable to Plaintiffs for any damages caused by her dog during the July 14, 2021 incident was appropriate.

## CONCLUSION

For the foregoing reasons, William Duckworth and Donnie Kaglear's application for rehearing is granted, and the January 13, 2023 judgment of the trial court is affirmed. All costs of the appeal are assessed to defendant-appellant, Susan Curole.

**REHEARING GRANTED; JUDGMENT AFFIRMED.**

3

# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2023 CA 0611

## WILLIAM DUCKWORTH AND DONNIE KAGLEAR

## VERSUS

## SUSAN CUROLE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., concurring on rehearing.** P Mc by CHH

In this matter, the plaintiffs have alleged that Ms. Curole is strictly liable for all damages caused by her dog under LSA-C.C. art. 2321. At the time of the incident at issue herein,[1] Article 2321 provided:

> The owner of an animal is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nonetheless, the owner of a dog is strictly liable for damages for injuries to persons or property caused by the dog and which the owner could have prevented and which did not result from the injured person's provocation of the dog. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

The plaintiffs filed a motion for summary judgment on liability. In support of their motion, the plaintiffs offered their affidavits, as well as requests for admissions of fact, which had been deemed admitted. The burden of proof on the motion for summary judgment was on the plaintiffs as the movers. See LSA-C.C.P. art. 966(D)(1).

The Louisiana Supreme Court, in **Pepper v. Triplet**, 2003-0619 (La. 1/21/04), 864 So.2d 181, held that the method established in Louisiana for determining strict liability was continued by the legislature with regard to dog owners in LSA-C.C. art. 2321,[2] stating that to ascertain whether the owner could have prevented the injury or damage,

---

[1] Article 2321 was amended by Acts 2024, No. 252, § 1, effective August 1, 2024. However, the amended version of article 2321 is not applicable to this appeal.

[2] The legislature previously amended Article 2321 by Acts 1996, 1st Ex.Sess., No. 1, § 1, effective April 16, 1996.

the plaintiff must establish that the dog posed an unreasonable risk of harm. **Pepper**, 864 So.2 at 195. With respect to the language "which the owner could have prevented," the supreme court read that language "as merely continuing to require that the plaintiff, in order to establish a claim in strict liability, show that the risk of injury outweighed the dog's utility such that it posed an unreasonable risk of harm." **Pepper**, 864 So.2 at 194. The court further noted that "[i]f the animal posed an unreasonable risk of harm, then the owner will be presumed to be at fault, because he failed to prevent an injury he could have prevented, and he will be held strictly liable for an injury caused by his dog, unless he can show that the injury was due solely to the fault of a third party unattributable to him or to a fortuitous event." **Id**.

Herein, the requests for admissions, which were deemed admitted, establish that at the time of the attack, Ms. Curole's dog was not on a leash and that the plaintiffs did not provoke the dog. It is also established by the admissions that there is no evidence of third-party fault. The affidavits of the plaintiffs establish that the unleashed dog, a large Boxer, came into the plaintiffs' yard and attacked their two Boston Terriers, who were on leashes, and bit the hand of one of the plaintiffs. Additionally, one of the owners of the attacking dog came into the plaintiffs' yard at the time of the attack and made no effort to help separate the dogs. In fact, according to the uncontested affidavit of Mr. Duckworth, this man told the plaintiffs, "Don't touch our dog again or I will beat your f****** ass."

Accordingly, under the standard set forth in **Pepper**, and based on the specific facts of this case, I concur with the majority's grant of the rehearing and conclusion therein.

2